## BERNSTEIN v. TAUB.

(Supreme Court, Appellate Term, First Department.   May 14, 1914.)

1. COURTS (§ 99*)—LAW OF THE CASE—TRANSFER TO JURY CALENDAR.

An order, transferring an action to the jury calendar for trial, not being appealed from, is the law of the case, and cures all alleged defects of the complaint regarding the action as one at law.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 340; Dec. Dig. § 99.*]

2. DAMAGES (§ 208*)—QUESTION OF LAW OR FACT.

In an action by an architect, where the contract showed that he was entitled to recover 5 per cent. of the cost of the building, and the highest estimate of such cost was $18,500 and the lowest $12,000, it was error to instruct as a matter of law that plaintiff was entitled to five per cent. of $18,000; the cost of the building being a question for the jury.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 54, 64, 68, 132, 144, 145, 205, 220, 533, 534; Dec. Dig. § 208.*]

Appeal from City Court of New York, Trial Term.

Action by Mitchell Bernstein against Sarah Taub. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

Argued May term, 1914, before GUY, BIJUR, and PENDLETON, JJ.

Abr. A. Silberberg, of New York City, for appellant.

Samuel Brand, of New York City, for respondent.

GUY, J.   This action was brought against the defendant and her surety in form to foreclose a bonded mechanic's lien for architect's services.

[1] After a trial at Special Term, an order was made discontinuing the action as against the surety, and transferring the action to the jury calendar for trial, as between the respondent and appellant. This order, not being appealed from, is the law of the case, like an order of substitution. It cured all the alleged defects of the complaint regarding the action as one at law.

[2] Plaintiff claimed as his architect's fee 5 per cent. of the costs of the building. He testified that in his opinion the building cost $12,-500; his witness Cohen, $12,000; his witness Ranchman, $15,000 or $16,000; and his witness Epstein, $18,500. Defendant's witness Fox valued it at $12,000. The trial judge charged that plaintiff was entitled to $900 or 5 per cent upon $18,000, or else to nothing. "Hence there will be no room for compromise, no room to speculate, and no occasion to calculate," to which defendant excepted.

Plaintiff was entitled to recover, if at all, 5 per cent. on the cost of the building as established by the evidence. The estimate of the various witnesses as to the cost of the building varied from $12,000 to $18,-500. It was within the province of the jury to have rendered a verdict for 5 per cent. of the minimum amount. The jury having found in favor of plaintiff, a judgment for at least $600 should be sustained; but, in fixing the minimum amount at 5 per cent. on $18,000 or $900,

the court determined a question of fact which was clearly an issue for the jury.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event, unless the plaintiff stipulates to reduce the same to the sum of $600 and costs, in which event the judgment, as so modified, is affirmed, without costs of this appeal to either party. All concur.